UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ARTHUR RAY DEERE, | Case No. 16-cv-01850-KAW  (PR) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING CERTAIN CLAIMS AND TRANSFERRING CASE TO EASTERN DISTRICT** |
| UNKNOWN CDC - EMPLOYEES PRISON LAW OFFICES, | |
| Defendants. | |

    Plaintiff Arthur Ray Deere, a state prisoner incarcerated at the Mule Creek State Prison ("MCSP") in Ione, California, has filed a civil rights action under 42 U.S.C. § 1983 asserting claims against the Prison Law Office and Unknown California Department of Corrections ("CDC") Employees. Plaintiff asserts that hazardous environmental conditions, including the water, air, medical and food, at MCSP endanger his health. Plaintiff sues the Prison Law Office based on the allegation that it knows about these conditions and has "conspired with the state" to cover them up. He sues unknown CDC Employees because he is unsure of the proper state defendant. He surmises that the proper defendant might be the governor of California, the director of the CDC or the warden of MCSP. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The Prison Law Office is not a proper defendant in this action. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Prison Law Office is a "nonprofit public interest law firm . . . that provides free legal services to adult and juvenile offenders to improve their conditions of confinement." *See* Prison Law Office, www.prisonlaw.com/about-us/ (last visited May 24, 2016). Because the Prison Law Office is not "a person acting under the color of state law," a civil rights claim under § 1983 cannot be brought against them. Therefore, any claims against the Prison Law Office are dismissed. Dismissal is with prejudice because amendment would be futile.

The only other defendants in this action are unknown CDC employees, who, according to Plaintiff, may be the warden of MCSP, the governor of California or the director of the CDC. MCSP, in Ione, California, is located in the Eastern District of California. The governor of California and the director of the CDC, with offices in Sacramento, California, are located in the Eastern District of California.

When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same State, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b).

The acts alleged in this complaint occurred in the Eastern District of California and Defendants are located in the Eastern District of California. Venue, therefore, properly lies in the Eastern District of California, not in this one. *See* 28 U.S.C. § 1391(b).

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is

1 TRANSFERRED to the United States District Court for the Eastern District of California. The
2 Clerk of the Court shall terminate all motions and transfer the case forthwith.
3     IT IS SO ORDERED.
4 Dated: July 20, 2016

*(signature)*

KANDIS A. WESTMORE
United States Magistrate Judge